# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CRIMINAL NO.: 12-132-KD |
| | * | |
| BRUCE MABEY and PATRICK DALEIDEN, | * | |
| | * | |
| Defendants. | * | |

## ORDER

This matter is before the court on consideration of the motions to continue the trial filed on August 6, 2012 (Docs. 33 & 34) and argued during the pretrial conference held on August 7, 2012. Assistant United States Attorney Greg Bordenkircher advised the Court that the United States does not oppose the motions and believes that a valid need exists to continue the trial into the October 2012 criminal term.

Upon consideration of the grounds presented and the Court's record, it is determined that neither the defendants nor the United States will be unduly prejudiced by a continuance into the October 2012 criminal term; therefore, the defendants' motions are **GRANTED** and the trial is **CONTINUED** to the October 2012 criminal trial term with jury selection to commence on October 1, 2012.[1]

The Court further finds, pursuant to 18 U.S.C.§ 3161(h)(7)(A), that "the ends of justice served by taking such action outweighs the best interest of the public and the defendant[s] in a speedy trial." The reasoning for this decision is as follows. The defendants first appeared in this

---

[1] "[ F]or purposes of the [ Speedy Trial] Act, a jury trial commences when the court begins the voir dire." *Bramlett v. U.S.*, 405 Fed.Appx. 363, 366 (11th Cir.(Ga.) Dec 13, 2010) (*citing United States v. Gonzalez*, 671 F. 2d 441, 443 ( 11th Cir. 1982)) *cert. denied Bramlett v. U.S.*, 131 S.Ct. 2122, 179 L.Ed.2d 914, 79 USLW 3592 (U.S. Apr 18, 2011)).

Court on July 11, 2012 and this is their first trial setting. They are charged in Count One with conspiring to commit wire fraud and Count Two is a substantive count of wire fraud. The amount of injury to the victims is alleged to be approximately 1.5 million dollars with the investigation including a review of the financial records of numerous companies owned by the defendants and their personal and business banking records.

The attorneys for the defendants have only recently received approximately 4500 documents from the United States in discovery and are attempting to conduct their pretrial review. This review is necessary for both trial preparation and the possible negotiation of a plea agreement. Attorney-client conferences are more difficult in this case since both defendants have been ordered detained as serious flight risks.

Another complicating factor in the defendants' decision to proceed with a trial or to enter into a plea agreement is that the defendants have state charges pending in at least two jurisdictions. They need more time to determine, if possible, the impact of these other proceeding on their potential sentences if convicted on the present charges.

Under these circumstances, it is determined that counsel have proffered valid reasons for an extension of the pretrial preparation period in order to complete their review of available discovery before finalizing plea negotiations or trial preparations. See 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.")

This continuance is contingent on the defendants filing a declaration, see 28 U.S.C. § 1746, stating that they:

- (A) were advised by their defense attorneys of the reasons for seeking a continuance;
- (B) understands that the time requested in the extension may be excluded from any calculation of time under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174; and
- (C) with this understanding and knowledge, agrees to the filing of the continuance.

These declarations are to be filed not later than **August 17, 2012**. The Clerk of the Court is directed to refer this action to the appropriate Magistrate Judge for scheduling a new pretrial conference.

DONE AND ORDERED this 7th day of August, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**